## SWIFT v. JENKS and others.

(*Circuit Court, N. D. New York.* January 31, 1887.)

PATENTS FOR INVENTIONS—DISCLOSURE OF INVENTION BY PRIOR PATENT—FAIL-
URE TO CLAIM—ABANDONMENT.

The fifth and sixth claims of letters patent No. 283,931, issued to Allen W.
Swift, for an improvement in lubricators, are invalid by reason that the in-
vention covered thereby was disclosed by letters patent No. 255,353, issued
to the same person, for an improvement in lubricators, and was abandoned to
the public by failure to claim the devices set out by such claims.

2. SAME—FIFTH CLAIM OF PATENT No. 257,326.

The fifth claim of letters patent No. 257,326, issued to Ross J. Hoffman and
owned by defendants, is for the same invention as that covered by the fifth
and sixth claims aforesaid, and is also void.

In Equity.
*C. H. Duell,* for complainant.
*Neri Pine,* for defendants.

COXE, J. This is an equity action for infringement founded upon
letters patent No. 283,931, granted to the complainant August 28, 1883,
for an improvement in lubricators. The application was filed June 13,
1882. The bill prays for an injunction and an account, and for relief
under section 4918 of the Revised Statutes. The invention relates to
lubricators, designed chiefly for lubricating the valves and cylinders of
steam-engines. Automatic action is secured by the gradual admission
of water to the interior of the oil-cup, displacing therein a correspond-
ing quantity of oil, and forcing it, through the lubricant duct, to the
steam-pipe, from whence it is carried to the steam-chest valve and cyl-
inder of the engine. The object of the invention is to enable the engi-
neer to ascertain, by observation, whether the lubricator is working reg-
ularly. This is accomplished by extending the end of the drip-tube so
near the wall of the oil-cup, which at this point is made of glass, that
the drops of water, as they escape from the tube, are delivered against
the inner surface of the glass, and are thus plainly seen, even when the
oil is almost opaque. The claims in controversy are as follows:

"(5) In combination with the steam-condensing duct, and its horizontal
extension, *c,* the lubricant cup, composed of metal, and provided in front of
the duct extension, *c,* with an observation port, *r,* covered with a transparent
plate, substantially as and for the purposes set forth.

"(6) In combination with the oil-cup of a lubricator, the port, *r,* covered
by a glass plate, and the pipe or tube, *c,* having an inclined end or face, sub-
stantially as set forth."

In March, 1884, the patent was before the court upon a motion for a
preliminary injunction. *Swift* v. *Jenks,* 19 Fed. Rep. 641.

One of the defenses interposed is that the complainant has fully described
the devices covered by the claims in question in a prior patent, and, hav-
ing failed to claim them there, they must be regarded as abandoned to
the public.

On the twenty-first of March, 1882, letters patent No. 255,353 were granted to the complainant for an improvement in lubricators. The lubricator described in that patent is similar, in all essential particulars, to the one in controversy, except that the cylinder of the oil-cup is made wholly of glass. It can hardly be disputed that if the metal cylinder of the present patent were substituted for the glass cylinder of the previous patent, the structure of March, 1882, would be almost identical with that of August, 1883. The difference, if any, would. be unimportant, and entirely insufficient to support a patent. But the precise improvement covered by the latter patent is described in the former. The substitution referred to is there suggested. In the specification of March, 1882, the complainant says:

"As previously stated, my invention is applicable to most all lubricators operating upon this principle, and it is not essential that the cylinder should be wholly of glass, so long as that portion directly opposite the end of the tube or pipe, E, is transparent, to expose to view the end thereof, as hereinbefore described: and therefore, if desired, the cylinder, A, may be constructed of metal, with a window or 'sight' on a line opposite the tube or pipe."

It would be difficult to employ language which more aptly describes the important features of the present lubricator. The idea intended to be conveyed is more clearly expressed than in the patent in suit. That the complainant understood that he had previously disclosed the mechanism now claimed is clearly shown by the following quotation from the specification:

"A denotes the lubricant reservoir or cup, which, for greater strength and security against breakage, I construct with metal, and provide the side or front of its upper portion with an observation port, *r*, covered by a glass or other suitable transparent plate, as intimated in my prior patent of March 21, 1882, but reserved for special protection in my present application for letters patent."

The conclusion cannot be resisted that the claims in question are invalid, for the reason that the invention covered thereby was disclosed in a previous patent, and belonged to the public when the application was filed.

These claims, and the fifth claim of letters patent No. 257,326, granted to Ross J. Hoffman May 2, 1882, and now owned by the defendants, are for substantially the same invention. As between the complainant and Hoffman the former was the prior inventor. It follows, therefore, as a necessary result, that the fifth claim of the Hoffman patent is also void.

Let a decree be drawn in accordance with these views.